19599

## STATE COURT OF DEKALB COUNTY
## GEORGIA, DEKALB COUNTY
## SUMMONS

Action No. 09A08646 -7

[ ]   ANSWER

[ ]   JURY

PERSONAL INJURY

JERRY TAYLOR

VS

SILVERLEAF ATLANTA APARTMENTS LLLP

and VENTRON MANAGEMENT, LLC

(Plaintiff's name and address)          (Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Room 104, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

**STOKES & KOPITSKY, P.A.**
**100 Colony Square, Suite 820, Atlanta, Georgia 30361**
**(404) 892-0011**
**Geogia Bar No. 683150**

RIPD

an **ANSWER** to the complaint which is herewith served upon you, within (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

CLERK
State Court of DeKalb County

Filed this the 09th day of June , 20 09 .

By _____
Deputy Clerk, State Court of DeKalb County

---

Defendant's Attorney                    Third Party Attorney

Address                                 Address

Phone No.          Georgia Bar No.      Phone No.          Georgia Bar No.

---

## TYPE OF SUIT

|  | **Tort** |  |  |
|---|---|---|---|
| ☐ Account | ☐ Auto Accident | Principal | $_____ |
| ☐ Contract | ☐ Premises Liability | | |
| ☐ Note | ☐ Medical Malpractice | Interest | $_____ |
| ☐ Personal Property | ☐ Other Professional Negligence | | |
| ☐ Attachment | ☐ Product Liability | Atty Fees | $_____ |
| ☐ Other | | | |
| ☐ Appeal/ Review | ☐ Transferred From | Court Cost | $_____ |

(Attach Blue to ORIGINAL and White to SERVICE COPY of complaint)

**EXHIBIT**
A

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

|  |  |
|---|---|
| **JERRY TAYLOR,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **vs.** | ) CIVIL ACTION |
| | ) FILE NO.: 09808646—7 |
| **SILVERLEAF ATLANTA APARTMENTS** | ) *09A08646-7* |
| **LLLP and VENTRON MANAGEMENT, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

### AFFIDAVIT OF SERVICE

COMES NOW, THOMAS LEWIS before the undersigned officer duly authorized to administer oaths, and, after being sworn on oath deposes and says:

I am more than eighteen years of age, suffering under no legal disabilities, am otherwise competent to testify in the above case, am not a party hereto and if called to testify, would testify to the facts herein. This affidavit is based on personal knowledge.

I have this day served the Summons, Complaint for Damages, Plaintiff's First Interrogatories and Requests for Production of Documents to the Defendant Silverleaf Atlanta Apartments LLLP, Plaintiffs First Requests for Admissions and Accompanying Interrogatories to the Defendant Silverleaf Atlanta Apartments LLLP, Plaintiff's First Interrogatories and Requests for Production of Documents to the Defendant Ventron Management, LLC, Plaintiffs First Requests for Admissions and Accompanying Interrogatories to the Defendant Ventron Management, LLC, Motion for Special Agent of Service and Order Appointing Special Agent of Service in the above styled action personally upon the Defendant Ventron Management, LLC at the following address: 4170 Ashford dunway Rd Suite-285 ATC, Gr william I wright

Ventron Management, LLC was served with this action on the 19 day of June, 2009 at approximately 908 a.m./p.m

THOMAS LEWIS

Sworn to and subscribed before me this the 19 day of June 2009.

NOTARY PUBLIC

*[Notary seal: BRITTANY A. SPENCER, NOTARY, GEORGIA, EXPIRES JUNE 23, 2010]*

The undersigned states that the attached summons, complaint and motions were hand delivered to me by the agent for service. I have personally received them this the 19 day of June, 2009 at 518 a.m/p.m.

_____ (signature)
Ventron Management, LLC

Bill Wright

# IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

JERRY TAYLOR,                                )
                                             )
    Plaintiff                            )
                                             )
vs.                                          ) CIVIL ACTION
                                             ) FILE NO. ~~09-A08646-7~~
SILVERLEAF ATLANTA APARTMENTS                )   09A0 8646-7
LLLP and VENTRON MANAGEMENT, LLC,            )
                                             )
    Defendants.                          )

## AFFIDAVIT OF SERVICE

COMES NOW, THOMAS LEWIS before the undersigned officer duly authorized to administer oaths, and, after being sworn on oath deposes and says:

I am more than eighteen years of age, suffering under no legal disabilities, am otherwise competent to testify in the above case, am not a party hereto and if called to testify, would testify to the facts herein. This affidavit is based on personal knowledge.

I have this day served the Summons, Complaint for Damages, Plaintiff's First Interrogatories and Requests for Production of Documents to the Defendant Silverleaf Atlanta Apartments LLLP, Plaintiff's First Requests for Admissions and Accompanying Interrogatories to the Defendant Silverleaf Atlanta Apartments LLLP, Plaintiff's First Interrogatories and Requests for Production of Documents to the Defendant Ventron Management, LLC, Plaintiff's First Requests for Admissions and Accompanying Interrogatories to the Defendant Ventron Management, LLC, Motion for Special Agent of Service and Order Appointing Special Agent of Service in the above styled action personally upon the Defendant Silverleaf Atlanta Apartments LLLP at the following address: _Silverleaf William I. Wright_
_4170 Ashford Dunwoody Rd Suite-285 Atl, Ga 30319_

Silverleaf Atlanta Apartments LLLP was served with this action on the _19_ day of _June_ 2009 at approximately _921_ (a.m./p.m.)

_____
THOMAS LEWIS

Sworn to and subscribed before me
this the _19_ day of _June_ 2009.

_Brittany Spencer_
NOTARY PUBLIC STATE

The undersigned states that the attached summons, complaint and motions were hand delivered to me by the agent for service. I have personally received the documents this the _19_ day of _June_, 2009 at _____ a.m./p.m.

_____ (signature)
Silverleaf Atlanta Apartments LLLP
_Bill Wright_

# IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

JERRY TAYLOR,                                    )
                                                 )
      Plaintiff                          )
                                                 )
 vs.                                            )  CIVIL ACTION
                                                 )  FILE NO.: 09A 08646-7
SILVERLEAF ATLANTA APARTMENTS                    )
LLLP and VENTRON MANAGEMENT, LLC,                )
                                                 )
      Defendants.                        )

### ORDER APPOINTING SPECIAL AGENT FOR SERVICE

The Motion for Appointment having been read and considered and it appearing to the Court that sufficient grounds exist for the granting thereof, it is hereby

ORDERED that THOMAS LEWIS citizen of the United States is hereby specially appointed by this Court to serve process and that said THOMAS LEWIS is hereby authorized to personally serve the defendant(s), with a copy of the Complaint and Summons in this action.

SO ORDERED, this the 12 day of June , 2009.

_____
JUDGE, DEKALB COUNTY STATE COURT

RECEIVED
JUN 0 9 2009
STATE COURT OF
DEKALB COUNTY, GA

STATE COURT OF
DEKALB COUNTY, GA
JUN 18 2009

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| **JERRY TAYLOR,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **vs.** | ) **CIVIL ACTION** |
| | ) **FILE NO.:** _09A08646-7_ |
| **SILVERLEAF ATLANTA APARTMENTS** | ) |
| **LLLP and VENTRON MANAGEMENT, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

### AFFIDAVIT IN SUPPORT OF MOTION
### FOR APPOINTMENT OF SPECIAL SERVICE

COMES NOW, Thomas Lewis, before the undersigned officer duly authorized to administer oaths, and after being sworn on oath deposes and says:

1.

I am more that eighteen (18) years of age, suffering under no legal disabilities, I am otherwise competent to testify, am not a party hereto and if called to testify to the facts herein. This affidavit is based on personal knowledge.

2.

I am over the age of eighteen (18) and am a citizen of the United States.

3.

I am not a party to the civil action, nor am I employed by or related to any of the parties to this action.

Affiant further sayeth not.

Sworn to and subscribed before me
this the ___ day of _____

_____
NOTARY PUBLIC

_____
THOMAS LEWIS

IN THE STATE COURT OF DEKALB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| JERRY TAYLOR, | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| vs. | ) CIVIL ACTION |
| | ) FILE NO.: 09A08646-7 |
| SILVERLEAF ATLANTA APARTMENTS | ) |
| LLLP and VENTRON MANAGEMENT, LLC, | ) |
| | ) |
| **Defendants.** | ) |

## MOTION FOR APPOINTMENT OF SPECIAL AGENT FOR SERVICE

Now comes the Plaintiff in the above styled case and pursuant to O.C.G.A. 9-11-4(c), and moves the Court for an Order authorizing THOMAS LEWIS, citizen of the United States, to serve a copy of the Complaint and Summons in this case upon the named Defendant(s) who by law may not be named as Defendant(s) in this suit.

1.

The Plaintiff shows that the appointment of special agents for service is necessary to expedite the perfection of service on the Defendant(s).

2.

The Plaintiff shows that THOMAS LEWIS is a citizen of the United States and he is over the age of eighteen (18) years.

3.

The Plaintiff shows that THOMAS LEWIS is not party to this action.

4.

The Plaintiff shows that THOMAS LEWIS is a disinterested person, free from bias and acrimony of feelings, with respect to this action.

WHEREFORE, Plaintiff respectfully requests this Court to appoint THOMAS LEWIS as special agent for service in this case.

Respectfully submitted,

NEIL J. KOPITSKY
Georgia State Bar No.: 428130
**Counsel for Plaintiff**

**STOKES & KOPITSKY, P.A.**
100 Colony Square, Suite 820
Atlanta, Georgia  30361
(404) 892-0011

STATE COURT OF
DEKALB COUNTY, GA

2009 JUL -9  PM 2: 31

S. Schmidt

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| **JERRY TAYLOR,** | ) |
| | ) |
|     **Plaintiff** | ) |
| | ) |
| **vs.** | ) **CIVIL ACTION** |
| | ) **FILE NO.:**_____ |
| **SILVERLEAF ATLANTA APARTMENTS** | ) |
| **LLLP and VENTRON MANAGEMENT, LLC,** | ) |
| | ) |
|     **Defendants.** | ) |

### COMPLAINT FOR DAMAGES

COMES NOW JERRY TAYLOR, Plaintiff in the above-styled action, and bring this

Complaint for Damages, and respectfully shows this Court the following:

1.

The Plaintiff is a resident of the State of Georgia a and was a resident of the State of

Georgia at the time of the subject incident.

2.

The Defendant, SILVERLEAF ATLANTA APARTMENTS, LLLP (hereinafter

SILVERLEAF) is an apartment complex located at 1700 Treehouse Parkway, Norcross, Georgia

30093 and may be served with a copy of this complaint by serving its registered agent, William

J. Wright, 4170 Ashford Dunwoody Road, Suite 285, Atlanta, Georgia 30319.

3.

The Defendant SILVERLEAF is subject to the jurisdiction of this Court.

4.

The Defendant SILVERLEAF has been properly served with a copy of the complaint

and summons in this action.

5.

The Defendant VENTRON MANAGEMENT, LLC (hereinafter VENTRON) is a corporation authorized to do business in the State of Georgia and may be served with a copy of this complaint and summons by serving their registered agent, William J. Wright, 4170 Ashford Dunwoody Road, Suite 285, Atlanta, Georgia 30319.

6.

The Defendant, VENTRON is the management company for the apartment complex located at 1700 Treehouse Parkway, Norcross, Georgia 30093.

7.

The Defendant VENTRON is subject to the jurisdiction of this Court.

8.

The Defendant VENTRON has been properly served with a copy of the complaint and summons in this action.

9.

The State Court of DeKalb County is the Court of proper venue in this action.

10.

The State Court of DeKalb County has jurisdiction over the subject matter of this action.

11.

On or about September 20, 2007, the Plaintiff walked on a dangerous condition existing on the premises of an apartment complex known as SILVERLEAF ATLANTA APARTMENTS, located at 1700 Treehouse Parkway, Norcross, Georgia 30093.

12.

The Plaintiff fell and was injured as a result of the dangerous condition created by the Defendants, jointly and severally.

13.

On said date, and at all times relevant to this action, the Plaintiff JERRY TAYLOR exercised reasonable care for his own safety.

14.

The incident occurred as a direct and proximate result of the Defendants' negligence and failure to exercise ordinary care for the safety of others.

15.

The Defendants jointly and severally were negligent in one or more of the following respects:

(a)   In that the Defendants, jointly and severally, failed to exercise ordinary care to not cause injury to others;

(b)   In that the Defendants, jointly and severally, failed to exercise ordinary care in keeping the premises and approaches safe;

(c)   In that the Defendants, jointly and severally, failed to inspect, maintain and repair the plumbing and drainage backup prior to the injury of the Plaintiff;

(d)   In that the Defendants, jointly and severally, failed to carry out their business activities in a safe and proper manner;

(e)   In that Defendants jointly and severally failed to warn the Plaintiff of the dangerous condition created by the agents and employees of Defendants, jointly and severally;

(f) In that the Defendants jointly and severally failed to block off a hazardous area to prevent injuries to persons who would unwittingly be exposed to the dangerous condition;

(g) In that the Defendants jointly and severally created a mantrap by allowing the dangerous condition to exist and by failing to post caution signs, warning signs, or take other precautionary measures to avoid injury to those who would come into the area; and

(h) In that the Defendants jointly and severally failed to correct a dangerous condition created by its agents and employees and thus failed to exercise ordinary care in the conducting of its business.

20.

The Defendants knew of the dangerous condition through its agents and employees who themselves created the condition.

21.

As a direct and proximate result of the actions of the Defendant, the Plaintiff JERRY TAYLOR has sustained:

(a) Past medical expenses in amount of no less than $5,574.07 which amount is subject to amendment to conform to the evidence presented at trial;

(b) Past lost wages which amount is subject to amendment to conform to the evidence presented at trial;

(c) Future medical expenses which amount is subject to amendment to conform to the evidence presented at trial;

(d) Future lost wages which amount is subject to amendment to conform to the

evidence presented at trial;

(e)    Mental and physical pain and suffering;

(f)    Disruption of normal life; and

(g)    Diminution in the enjoyment of life.

WHEREFORE, Plaintiff prays and respectfully demands as follows:

(a)    That process and summons be issued and served upon the Defendants;

(b)    That judgment be awarded to the Plaintiff for those special damages proven at trial;

(c)    That judgment for general damages be awarded to the Plaintiff as proven at trial;

(d)    That the cost of this action be cast upon the Defendants; and

(e)    That the Plaintiff have such other and further relief as this Court deems appropriate.

Respectfully submitted,

GREGORY M. STOKES
Counsel for Plaintiff
Georgia Bar No. 683150

NEIL J. KOPITSKY
Counsel for Plaintiff
Georgia State nBar No.: 428130

**STOKES & KOPITSKY, P.A.**
100 Colony Square
Suite 820
Atlanta, Georgia 30361
(404) 892-0011

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| **JERRY TAYLOR,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **vs.** | ) **CIVIL ACTION** |
| | ) **FILE NO.:**_____ |
| **SILVERLEAF ATLANTA APARTMENTS** | ) |
| **LLLP and VENTRON MANAGEMENT, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT SILVERLEAF ATLANTA APARTMENTS LLLP

TO:   SILVERLEAF ATLANTA APARTMENTS, LLLP
      c/o William J. Wright, Registered Agent
      4170 Ashford Dunwoody Road, Suite 285
      Atlanta, Georgia 30319


Plaintiff directs the following interrogatories and requests for production of documents to Defendant Silverleaf Atlanta Apartments, LLLP pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34. Defendant Silverleaf Atlanta Apartments, LLLP is hereby requested to answer the interrogatories, in writing and under oath; to respond in writing to the requests for production; and to produce all requested documents and tangible things within the time permitted by law.

For purposes of these interrogatories and requests for production, the terms "you" and "your" shall mean Defendant Silverleaf Atlanta Apartments, LLLP and its attorneys, agents, servants, employees, representatives, private investigators and others who are in possession of or who may have obtained information for or on its behalf.

## INTERROGATORIES

Interrogatory No. 1

Was Defendant Silverleaf Atlanta Apartments, LLLP an owner of Silverleaf Atlanta Apartments on September 20, 2007? Please state the nature of the business (i.e. partnership, corporation, etc.), the proper legal name, and the proper registered agent for service or other person authorized to receive service for such partnership, corporation, et cetera. How is the Defendant Silverleaf Atlanta Apartments, LLLP registered or incorporated (i.e., partnership, d/b/a, corporation, et cetra) and when and with whom did you register?

Interrogatory No. 2

Is the Defendant Silverleaf Atlanta Apartments, LLLP name in the style of the case correct? If not, give the correct legal name. Please identify by address your principal place of business.

Interrogatory No. 3

Specifically list any and all other entities who share in the ownership and control of Defendant Silverleaf Atlanta Apartments, LLLP. Identify (by name and address) all shareholders, officers and directors of Defendant Silverleaf Atlanta Apartments, LLLP during the period from January 1, 2007 through the present.

Interrogatory No. 4

Does any **primary, secondary or excess** insurance agreement, insurance policy, bond, indemnity agreement or reinsurance agreement exist covering yourself, and/or the Silverleaf Atlanta Apartments, LLLP under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action? If so, state the type of policy, the name and address of the

insurer, the policy number, the name and address of the person or persons insured, the policy number, the effective date of the coverage and the limits of coverage provided by such agreement. Is there any reservation of rights asserted by any insurance carrier or has there been any denial of coverage in regard to this claim asserted in the above-referenced case?

### Interrogatory No. 5

Please set forth the name, business and residence address, and telephone number of each person who claims to have seen or heard any of the events or happenings, who arrived at the scene of the occurrence or who has knowledge or relevant information about the facts and circumstances of the occurrence which is the subject matter of this action.

### Interrogatory No. 6

Were any statements given or reports made by anyone concerning the subject incident? If yes, please state the name, business and residence address, telephone number and job title (or capacity) of each person making said statement or report, the name, telephone number, business and residence address of the person, organization or company to whom each such statement or report was addressed and/or directed and the date of each statement or report. Identify each and every writing relating to such report and whether said report was made in the regular course of business or as a matter of routine business practice.

### Interrogatory No. 7

State whether this Defendant or anyone acting on this Defendant's behalf obtained statements relating to the facts at issue in this case **in any form** from any person, including the Plaintiff, Defendants and witnesses. If so, for each such statement state: the name and address of the person(s) to whom the statements was made, and the current custodians of the statement; the date the statement was made; and the form of the statement and, if written, whether it was

signed.

## Interrogatory No. 8

Does this Defendant, this Defendant's attorneys, insurance carriers, their representatives, or anyone acting in this Defendant's behalf have any still photographs, motion pictures, videotapes, drawings or other graphic representations or know of anyone who claims to possess any photographs, motion pictures, videotapes, drawings or other graphic representations of the scene of the incident or any part thereof, any item involved in this incident, any object, place or thing involved in or relevant to the subject incident, any reconstruction or simulation of any aspect of this occurrence or any of the Plaintiff taken since the time of the subject incident. If so, please identify and describe each photograph, motion picture, videotape, drawing or other graphic representations, and identify the name, address and telephone number of the custodian of each item.

## Interrogatory No. 9

State the name, address, telephone number and occupational title and present whereabouts of each person whom this Defendant expects to call as an expert witness at the trial of this case. For each expert, please identify the subject matter on which each expert is expected to testify, the substance of the facts and opinions held by each expert, a summary of the grounds for each opinion of each expert, and a description of any reports or other written materials that have been generated by each expert in connection with this case.

## Interrogatory No. 10

State the names, addresses, and home and business telephone numbers of all employees working for this Defendant during the calendar years 2006 and 2007 who inspected, maintained, set up, repaired, cleaned, altered, supervised, or otherwise worked on the drains, sinks, pipes or

any of the plumbing located on premises of the Silverleaf Atlanta Apartments. LLLP located on Treehouse Parkway, Norcross, Georgia 30093.

### Interrogatory No. 11

Indicate whether you contend that there were any warning signs in the area on the date and time of the incident which forms the basis of this litigation and if so describe each in detail.

### Interrogatory No. 12

Describe all natural and artificial illumination in the area where Plaintiff fell.

### Interrogatory No. 13

Indicate who was responsible for the inspection, maintenance, set up, repair, installation, cleaning, alteration, supervision, or who otherwise worked on the drains, sinks, pipes, dishwashers or any of the plumbing located on premises of the Silverleaf Atlanta Apartments LLLP located on Treehouse Parkway, Norcross, Georgia 30093 at the time of the Plaintiff injuries.

### Interrogatory No. 14

Indicate whether you or any other party received any complaints about the conditions of any and all drains, sinks, toilets, bathtubs, dishwashers, pipes or any of the plumbing at the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway. Norcross. Georgia 30093 before or after the injuries of the Plaintiff on the date of the incident which forms the basis of this litigation. Give the names, addresses, telephone numbers, dates and nature of complaints of the individuals who complained.

### Interrogatory No. 15

List the names of any and all purported eyewitnesses who claim they saw all or any part of the occurrence that forms that subject matter of this litigation. Include names, addresses,

home and business telephone numbers, present whereabouts and indicate whether or not they were employed by this Defendant.

### Interrogatory No. 16

Name all persons who investigated the cause and circumstances of the occurrence for you or your insurance carrier.

### Interrogatory No. 17

If a report was made by an employee of this Defendant in the ordinary course of business with respect to the Plaintiff's injuries, please state the name and address of the person or persons who made the report, the date thereof, and who has custody of said report.

### Interrogatory No. 18

State whether this Defendant has within its possession or control photographs, plats or diagrams of the incident scene and/or construction drawings and blueprints of any of the plumbing systems at the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093.  Describe any and all such items.

### Interrogatory No. 19

Give a concise statement of the facts as to how this Defendant contends the Plaintiff's injuries were sustained.

### Interrogatory No. 20

What are the names, addresses, home and business telephone numbers, places of employment and present whereabouts of all persons known to this Defendant who arrived at the scene of the incident complained of in this action immediately or shortly after its occurrence?

### Interrogatory No. 21

What are the names, addresses, home and business telephone numbers, places of

employment. and present whereabouts of all persons known to this Defendant who have knowledge of relevant information, facts or circumstances in this case?

Interrogatory No. 22

List each and every document, correspondence, photograph, report, diagram, blueprint or other writing which contains information regarding or that is related to the subject matter of this action.  For each listed document, state who prepared such document, when such document was prepared, a brief description of such document, and the name, address and home and business telephone numbers of the person currently in control of such document(s).

Interrogatory No. 23

State specifically all facts, circumstances and legal authority which you contend support any and all defenses set forth in this Defendant's answer, including any based upon:

(a)     lack of jurisdiction over the subject matter;

(b)     lack of jurisdiction over the person or entity;

(c)     improper venue;

(d)     insufficiency of process;

(e)     insufficiency of service of process;

(f)     failure to state a claim upon which relief can be granted; or

(g)     failure to join a party under O.C.G.A § 9-11-19.

Interrogatory No. 24

Identify the individuals and entities that were responsible for the inspection, maintenance, set up, repairs. painting, cleaning, alteration, installation, supervision, or otherwise worked on the drains, sinks. toilets. bathtubs, dishwashers, pipes or any of the plumbing at the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway. Norcross, Georgia 30093.

Please include the person or persons name, address and telephone number, as well as the name, address and telephone number of any subcontractor entity which may have been hired by this Defendant to perform inspection, maintenance, repair, painting, cleaning or alteration or installation on the drains, sinks, toilets, bathtubs, pipes or any of the plumbing at the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093 at said apartment complex from January 1, 2007 to the present.

### Interrogatory No. 25

Specifically state the procedures and how often said procedures are performed to inspect, maintain, set up, repair, install, clean, alter, supervise, or otherwise work on the drains, sinks, toilets, bathtubs, dishwashers, pipes or any of the plumbing at the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093 at said apartment complex from January 1, 2007 to the present. Please include both the person or persons name or name of the entity, address and telephone number. Also list the address and telephone number of any subcontractor entity which may have been hired by this Defendant to inspect, maintain, set up, repair, install, clean, alter, supervise or otherwise work on any aspect of the plumbing at the Silverleaf Atlanta Apartments.

### Interrogatory No. 26

Specifically state who inspected during the calendar years 2006 and 2007, any and all drains, sinks, toilets, bathtubs, dishwashers, pipes or any of the plumbing at the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093, and when said inspections occurred. Please include both the person or persons name, address and telephone number, as well as the name, address and telephone number of any subcontractor entity which may have been hired by this Defendant.

Interrogatory No. 27

Specifically state who maintained during the calendar years 2006 and 2007, any and all drains, sinks, toilets, bathtubs, dishwashers, pipes or any of the plumbing at the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093, and when said maintenance occurred. Please include both the person or person's name, address and telephone number. Please also list the name, address and telephone number of any subcontractor entity which may have been hired by this Defendant.

Interrogatory No. 28

Specifically state who repaired during the calendar years 2006 and 2007 any and all drains, sinks, toilets, bathtubs, dishwashers, pipes or any of the plumbing at the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093 and when said repairs occurred. Please include the person or persons name, address and telephone number. Also list the name, address and telephone number of any subcontractor entity which may have been hired by this Defendant.

Interrogatory No. 29

Specifically state who installed during the calendar years 2006 and 2007, any and all drains, sinks, toilets, bathtubs, dishwashers, pipes or any of the plumbing anywhere on the premises of the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093, and when said installations occurred. Please include the individual's name, address and telephone number. Also include the name, address and telephone number of any subcontractor entity which may have been hired by this Defendant.

Interrogatory No. 30

State the names of the individuals and entities, along with their addresses and telephone

numbers, who originally designed and constructed any and all drains, sinks, toilets, bathtubs, dishwashers, pipes or any of the plumbing located on the premises of the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093. Please give the dates of construction.

## Interrogatory No. 31

Specifically state the names, addresses and telephone numbers of all maintenance personnel working anywhere on the premises of the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093, during the calendar years of 2006 and 2007.

## Interrogatory No. 32

Specifically state the names, addresses and telephone numbers of all subcontractor entities working on the premises of the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093, during the calendar year of 2006 and 2007.

## Interrogatory No. 33

Within the past five years, have any personal injury claims or lawsuits arising from slip, fall, or other incidents of injury suffered or alleged to be suffered anywhere on the premises of the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093 been made against this Defendant? Please identify by date of injury, name of claimant(s), date of incident report, identity of person writing incident report, and if applicable, the name and address of the court, style of the case and civil action number of any and all personal injury claims or lawsuits.

## Interrogatory No. 34

Please describe the procedures for processing tenant requests for service or repairs to

their apartments.

## Interrogatory No. 35

Does this Defendant contend any person or entity other than this Defendant is, or may be, liable in whole or part for the claims asserted against this Defendant in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for this Defendant's contention, the facts or evidence upon which this Defendant's contention is based, and whether this Defendant has notified each such person or entity of the contention.

## Interrogatory No. 36

Please state the name, business and residence address, and telephone number of the person or entity who was the owner of the subject premises as of the date of the incident which is alleged in Plaintiff's Complaint or file herein.

## Interrogatory No. 37

If the owner identified in your answer to the foregoing interrogatory was not also the regular operator or occupant of the premises, please further identify:

(a)     the regular occupant or operator of the premises; and

(b)     the nature or title of the instrument under which the regular operator or occupant of the premises derived his or her possessory rights (whether by lease, license, etc.).

## Interrogatory No. 38

State specifically any and all medical conditions of the Plaintiff that this Defendant contends in any way affects the claims that the Plaintiff has made in this action. For each such condition, identify, as defined above, any documents, photographs, statements, reports or other similar items which contain information regarding the condition, and any person who has

information regarding such condition.

Interrogatory No. 39

State whether this Defendant, attorney for this Defendant or insurer for this Defendant retained any person, or firm to conduct surveillance of any type or manner upon the Plaintiff, and if so, whether you intend to call this person or anyone working for this firm or anyone who has conducted the surveillance as a witness, indicating:

(a)     the name address and telephone number of each person or firm so retained;

(b)     the exact location or locations where the Plaintiff was subjected to surveillance; and

(c)     whether any written reports were given by such person or firm to the employer, and if so, the location of each of these reports at the time of the answering of these interrogatories.

Interrogatory No. 40

Has this Defendant ever been party to a lawsuit or a civil filing of any kind? If so, for each such lawsuit or civil filing, please provide its style, identify the court in which it was filed, and describe the nature of the lawsuit or civil filing, including, but not limited to any civil lawsuit or bankruptcy action in state or federal courts.

Interrogatory No. 41

Are there any documents within the scope of the following requests for production of documents which are not being produced, either because the document allegedly is privileged, has been destroyed, or otherwise is not being produced? If so, for each such document or tangible thing:

(a)     describe the document (e.g., state whether it is a letter, memo, telephone

message, note, or other document);

(b)     identify by name, employer, address, and telephone number the author of the

document and the person having custody of the document;

(c)     state the date on which the document was created and identify all persons to

whom copies of the document were transmitted;

(d)     summarize the subject matter of the document in sufficient detail to permit the

court to decide whether the document should be produced if a motion to compel

production is filed; and

(e)     state the basis for your failure to produce the document, including, without

limitation, the basis for any assertion that the document is privileged.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff requests the production of the following documents and tangible things:

## REQUESTS

1.

Please produce a list of all employees who were working for this Defendant on the date

and time which forms the subject matter of this litigation. Include name, address, and telephone

number for each such employee.

2.

Please produce copies of all policies of insurance or indemnity under which you were or

may be afforded insurance OR indemnification coverage for the losses and damages claimed in

this action including any and all policies of insurance or indemnity providing coverage for

business conducted by you on the premises of the Silverleaf Atlanta Apartments, LLLP located

on Treehouse Parkway, Norcross, Georgia 30093.

3.

Please produce any statement or report, whether written, recorded or otherwise preserved, made by any person who was either an eyewitness to any aspect of this subject matter of this case or who has knowledge of any of the facts or circumstances relating to subject matter of this case.

4.

Please produce any statement or report, whether written, recorded or otherwise preserved, prepared by any person or entity who, to this Defendant's knowledge, has investigated or evaluated any physical object, site or factual circumstance involved in the instant litigation.

5.

Please produce any statement or report, whether written, recorded or otherwise preserved from any expert, consultant, party or witness relating to the allegations of negligence, causation or damages or any defense to such allegations.

6.

Please produce all diagrams, maps, models, plats, drawings or other graphic representations of any kind whatsoever prepared by this Defendant or on this Defendant's behalf as a result of the incident which is the subject of this litigation.

7.

Please produce all photographs, videotapes, photographic reproductions or other visual representations of any kind whatsoever of any person, place or thing involved in or related to the subject incident.

8.

Please produce all documents, photographs, statements, reports, bills or other similar items which contain information regarding any and all medical conditions of the Plaintiff that this Defendant contends in any way effects the claims that the Plaintiff has made in this action.

9.

Copies of any and all statements previously made by the Plaintiff concerning the subject matter of this lawsuit, including any written statement given, and any recording made by any means.

10.

Copies of any and all statements previously made by this Defendant concerning the subject matter of this lawsuit, including any written statement given, and any recording made by any means.

11.

Copies of any and all statements previously made by any other party concerning the subject matter of this lawsuit, including any written statement given, and any recording made by any means.

12.

Copies of any and all statements previously made by any witness concerning the subject matter of this lawsuit, including any written statement given, and any recording made by any means.

13.

Any statement or report, whether written, recorded or otherwise preserved, made by any person who was either an eyewitness to any aspect of the subject matter of this case or who has

knowledge of any of the facts or circumstances relating to subject matter of this case. This request includes any statement made by the Plaintiff, any and all Defendants and any witnesses.

14.

Any statement or report, whether written, recorded or otherwise preserved, prepared by any person or entity who, to your knowledge has investigated or evaluated any physical object, site or factual circumstance involved in the instant litigation.

15.

Any statement or report, whether written, recorded or otherwise preserved, from any expert, consultant, party or witness relating to the allegations of negligence, causation or damages or any defense to such allegations.

16.

A copy of any statement filed with any insurance carrier to advise them of the subject incident.

17.

The current curriculum vitae of all experts this Defendant intends or expects to call at the trial of this case.

18.

All checklists, reports, work orders or any other documents regarding the maintenance, painting and repair of any and all drains, sinks, toilets, bathtubs, pipes or any of the plumbing at the Silverleaf Atlanta Apartments, LLLP, including, but not limited to any of the plumbing of the unit located at 3204 Treehouse Parkway, Norcross, Georgia 30093.

19.

All diagrams, maps, models, plats, drawings, blueprints or other graphic representations

regarding the construction of any and all drains, sinks, toilets, bathtubs, pipes or any of the plumbing located anywhere on the premises of the Silverleaf Atlanta Apartments, LLLP.

20.

Please produce all diagrams, maps, models, plats, drawings, blueprints or other graphic representations of any kind prepared by this Defendant on this Defendant's behalf regarding t e construction of any and all drains, sinks, toilets, bathtubs, pipes or any of the plumbing located anywhere on the premises of the Silverleaf Atlanta Apartments, LLLP.

21.

Please produce all contracts and work orders entered into regarding the inspection, maintenance, repair, installation and/or cleaning of any of the plumbing located on the premises of the Silverleaf Atlanta Apartments, LLLP, included but not limited to those contracts between this Defendant and any other subcontractors contracted for the inspection, maintenance, repair, painting and/or cleaning of the resort during the calendar years 2006 and 2007.

22.

Produce all documents relating to the claims and lawsuits described in you answer to Interrogatory number 39.

23.

All incident or accident reports prepared by any person or entity pertaining to the subject incident.

24.

All correspondence mentioning or relating to the subject incident.

25.

Copies of all documents, correspondence and reports sent to or received from any

federal, state or local regulatory agency pertaining to this subject incident.

26.

All documents supporting any claim that the subject incident was the fault of any other person or entity other than this Defendant.

27.

Please produce copies of all incident reports prepared by this Defendant after someone suffered injuries of any kind or fell on the premises of the Silverleaf Atlanta Apartments, LLLP.

28.

Please produce copies of any OSHA citations issued to this Defendant because a person or persons was injured in anyway on the premises of the Silverleaf Atlanta Apartments, LLLP.

29.

Please produce a copy of all letters sent to this Defendant by anyone to complain of suffering injuries on the premises of the Silverleaf Atlanta Apartments, LLLP.

30.

Please produce a copy of all depositions taken of any employee, agent or subcontractor, manager or officer of this Defendant in any lawsuit against this Defendant in which it was alleged that an injury occurred on the premises of the Silverleaf Atlanta Apartments, LLLP. NOTE: "Deposition" means the transcript, any available miniscript and all exhibits to that deposition.

31.

Please produce a copy of every letter sent in the past ten years by Ventron Management Company, LLC or US Claims Administration, Inc. on behalf of this Defendant to any person, or that person's attorney, injured or nearly injured as a result of a fall on the premises of the

Silverleaf Atlanta Apartments, LLLP.

32.

All insurance agreements, insurance policies, bonds, or reinsurance agreements arguably providing coverage in connection with this case, including, without limitation, all declaration pages, amendments, endorsements, and changes.

33.

Copies of all policies of insurance or indemnity under which this Defendant was or may be afforded insurance OR indemnification coverage for the losses and damages claimed in this action including any and all policies of insurance or indemnity providing coverage for this Defendant.

34.

All documents, photographs, statements, reports, bills or other similar items which contain information regarding any and all medical conditions of the Plaintiff that this Defendant contends in any way effects the claims that the Plaintiff has made in this action.

35.

All documents identified in response in the attached Interrogatories directed to this Defendant.

This ___ day of ___June___, 2009.

GREGORY M. STOKES
Counsel for Plaintiff
Georgia Bar No. 683150

NEIL J. KOPITSKY
Counsel for Plaintiff
Georgia State Bar No.: 428130

STOKES & KOPITSKY, P.A.
100 Colony Square, Suite 820
Atlanta, Georgia 30361
(404) 892-0011

# IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| **JERRY TAYLOR,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **vs.** | ) **CIVIL ACTION** |
| | ) **FILE NO.:**_____ |
| **SILVERLEAF ATLANTA APARTMENTS** | ) |
| **LLLP and VENTRON MANAGEMENT, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF JERRY TAYLOR'S FIRST REQUESTS FOR ADMISSIONS AND ACCOMPANYING INTERROGATORIES TO THE DEFENDANT SILVERLEAF ATLANTA APARTMENTS LLLP

TO:       SILVERLEAF ATLANTA APARTMENTS, LLLP
          c/o William J. Wright, Registered Agent
          4170 Ashford Dunwoody Road, Suite 285
          Atlanta, Georgia 30319

Plaintiff requests that this Defendant make the following admissions for the purpose of this action only pursuant to Section 36 of The Georgia Civil Practice Act (O.C.G.A. § 9-11-36):

1.

That the State Court of DeKalb County has jurisdiction over the Defendant Evergreen Conference Center.

2.

That the State Court of DeKalb County is the court of proper venue in this action.

3.

That this Defendant has received process in this action, and that such service and process is sufficient.

4.

That the State Court of DeKalb County has jurisdiction over the subject matter of this claim.

5.

That the Plaintiff states a claim upon which relief can be granted.

6.

That the Plaintiff has not failed to join a party under O.C.G.A.§ 9-11-19.

7.

The Defendant  SILVERLEAF ATLANTA APARTMENTS, LLLP has been personally served with a copy of the complaint and summons in this action.

8.

The Defendant SILVERLEAF ATLANTA APARTMENTS, LLLP agrees and herein permits the Plaintiff to videotape all medical depositions.

INTERROGATORIES

Interrogatory No. 1

For each admission denied state all facts, persons and documents upon which this Defendant relies in denying the admission.

Interrogatory No. 2

For each admission answered by stating that this Defendant lacks information or knowledge, state what inquiry was made by the defendant and all the facts, persons and documents upon which this Defendant relied in answering the admission.

Pursuant to U.S.C.R. 5.2 (2), this is to certify that the foregoing pleading was delivered for service with the summons upon all Defendants.

This the 8th day of June, 2009.

NEIL J. KOPITSKY
Counsel for Plaintiff
Georgia State Bar No.:  428130

**STOKES & KOPITSKY, P.A.**
100 Colony Square
Suite 820
Atlanta, Georgia  30361
(404) 892-0011

IN THE STATE COURT OF DEKALB COUNTY

STATE OF GEORGIA

JERRY TAYLOR,

          Plaintiff

vs.

SILVERLEAF ATLANTA APARTMENTS
LLLP and VENTRON MANAGEMENT, LLC,

          Defendants.

)
)
)
)
)
)
)
)
)

CIVIL ACTION
FILE NO.:_____

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT VENTRON MANAGEMENT, LLC.

TO:      VENTRON MANAGEMENT, LLC.
          c/o William J. Wright, Registered Agent
          4170 Ashford Dunwoody Road, Suite 285
          Atlanta, Georgia 30319

Plaintiff directs the following interrogatories and requests for production of

documents to Defendant Ventron Management, LLC pursuant to O.C.G.A. §§ 9-11-33 and 9-

11-34. Defendant Ventron Management, LLC is hereby requested to answer the interrogatories,

in writing and under oath; to respond in writing to the requests for production; and to produce

all requested documents and tangible things within the time permitted by law.

      For purposes of these interrogatories and requests for production, the terms "you"

and "your" shall mean Defendant Ventron Management, LLC and its attorneys, agents, servants,

employees, representatives, private investigators, and others who are in possession of, or who

may have obtained, information for or on its behalf.

## INTERROGATORIES

Interrogatory No. 1

Was Defendant Ventron Management, LLC an owner of Silverleaf Atlanta Apartments on September 20, 2007? Please state the nature of the business (i.e. partnership, corporation, etc.), the proper legal name, and the proper registered agent for service or other person authorized to receive service for such partnership, corporation, et cetera. How is the Defendant Ventron Management, LLC registered or incorporated (i.e., partnership, d/b/a, corporation, et cetra) and when and with whom did you register?

Interrogatory No. 2

Was Defendant Ventron Management, LLC the management company for Silverleaf Atlanta Apartments on September 20, 2007?

Interrogatory No. 3

Is the Defendant Ventron Management, LLC name in the style of the case correct? If not, give the correct legal name. Please identify by address your principal place of business.

Interrogatory No. 4

Specifically list any and all other entities who share in the ownership and control of Defendant Silverleaf Atlanta Apartments, LLLP. Identify (by name and address) all shareholders, officers and directors of Defendant Silverleaf Atlanta Apartments, LLLP during the period from January 1, 2007 through the present.

Interrogatory No. 5

Does any **primary, secondary or excess** insurance agreement, insurance

policy, bond, indemnity agreement or reinsurance agreement exist covering yourself, and/or the

Silverleaf Atlanta Apartments, LLLP or Ventron Management, LLC under the terms of which

the person or company issuing the same may be called upon to satisfy all or part of any

judgment which may be entered in favor of the Plaintiff in this action?  If so, state the type of

policy, the name and address of the insurer, the policy number, the name and address of the

person or persons insured, the policy number, the effective date of the coverage and the limits of

coverage provided by such agreement.  Is there any reservation of rights asserted by any

insurance carrier or has there been any denial of coverage in regard to this claim asserted in the

above-referenced case?

## Interrogatory No. 6

Please set forth the name, business and residence address, and telephone number

of each person who claims to have seen or heard any of the events or happenings, who arrived at

the scene of the occurrence or who has knowledge or relevant information about the facts and

circumstances of the occurrence which is the subject matter of this action.

## Interrogatory No. 7

Were any statements given or reports made by anyone concerning the subject

incident?  If yes, please state the name, business  and  residence address, telephone number and

job title (or  capacity) of each person making said  statement or report, the name, telephone

number, business and  residence address of the person, organization or company to whom each

such statement or report was addressed and/or directed, the date of each statement or report.

Identify  each and every writing relating to such report, and whether said report  was made in the

regular course of business or as a matter of routine business practice.

### Interrogatory No. 8

State whether this Defendant or anyone acting on this Defendant's behalf obtained statements relating to the facts at issue in this case **in any form** from any person, including the Plaintiff, Defendants and witnesses.  If so, for each such statement, state: the name and address of the person(s) to whom the statements was made and the current custodians of the statement; the date the statement was made; and the form of the statement and, if written, whether it was signed.

### Interrogatory No. 9

Does this Defendant, this Defendant's attorneys, insurance carriers, their representatives, or anyone acting in this Defendant's behalf have any still photographs, motion pictures, videotapes, drawings or other graphic representations or know of anyone who claims to possess any photographs, motion pictures, video tapes, drawings or other graphic representations of the scene of the incident or any part thereof, any item involved in this incident, any object, place or thing involved in or relevant to the subject incident, any reconstruction or simulation of any aspect of this occurrence or any of the Plaintiff taken since the time of the subject incident.  If so, please identify and describe each photograph, motion picture, videotape, drawing or other graphic representations and identify the name, address and telephone number of the custodian of each item.

### Interrogatory No. 10

State the name, address, telephone number and occupational title and present whereabouts of each person whom this Defendant expects to call as an expert witness at the trial of this case.  For each expert, please identify the subject matter on which each expert is expected

to testify, the substance of the facts and opinions held by each expert, a summary of the grounds

for each opinion of each expert,  and a description of any reports or other written materials that

have been generated by each expert in connection with this case.

## Interrogatory No. 11

State the names, addresses, and home and business telephone numbers of all

employees working for this Defendant during the calendar years 2006 and 2007 who inspected,

maintained, set up, repaired, cleaned, altered, supervised, or otherwise worked on the drains,

sinks, dishwashers, tubs, toilets, pipes or any of the plumbing located  on premises of the

Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093.

## Interrogatory No. 12

Indicate whether you contend that there were any warning signs in the area on the

date and time of the incident which forms the basis of this litigation and if so describe each in

detail.

## Interrogatory No. 13

Describe all natural and artificial illumination in the area where Plaintiff fell.

## Interrogatory No. 14

Indicate who was responsible for the inspection, maintenance, set up, repair,

installation, cleaning, alteration, supervision, or who otherwise worked on the drains, sinks,

dishwashers, pipes or any of the plumbing located on premises of the Silverleaf Atlanta

Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093 at the time of the

Plaintiff injuries.

Interrogatory No. 15

Indicate whether you or any other party received any complaints about the conditions of any and all drains, sinks, toilets, bathtubs, dishwashers, pipes or any of the plumbing at the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093 before or after the injuries of the Plaintiff on the date of the incident which forms the basis of this litigation. Give the names, addresses, telephone numbers, dates and nature of complaints of the individuals who complained.

Interrogatory No. 16

List the names of any and all purported eyewitnesses who claim they saw all or any part of the occurrence that forms that subject matter of this litigation. Include names, addresses, home and business telephone numbers, present whereabouts and indicate whether or not they were employed by this Defendant.

Interrogatory No. 17

Name all persons who investigated the cause and circumstances of the occurrence for you or your insurance carrier.

Interrogatory No. 18

If a report was made by an employee of this Defendant in the ordinary course of business with respect to the Plaintiff's injuries, please state the name and address of the person or persons who made the report, the date thereof and in whose custody it is.

Interrogatory No. 19

State whether this Defendant has within its possession or control photographs, plats or diagrams of the incident scene and construction drawings and blueprints of any of the

plumbing systems at the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093.  Describe any and all such items.

Interrogatory No. 20

Give a concise statement of the facts as to how this Defendant contends the Plaintiff's injuries were sustained.

Interrogatory No. 21

What are the names, addresses, home and business telephone numbers, places of employment and present whereabouts of all persons known to this Defendant who arrived at the scene of the incident complained of in this action immediately or shortly after its occurrence?

Interrogatory No. 22

What are the names, addresses, home and business telephone numbers, places of employment, and present whereabouts of all persons known to this Defendant who have knowledge of relevant information, facts or circumstances in this case?

Interrogatory No. 23

List each and every document, correspondence, photograph, report, diagram, blueprint or other writing which contains information regarding or that is related to the subject matter of this action.  For each listed document, state who prepared such document, when such document was prepared, a brief description of such document, and the name, address and home and business telephone numbers of the person currently in control of such document(s).

Interrogatory No. 24

State specifically all facts, circumstances and legal authority which you contend support any and all defenses set forth in this Defendant's answer, including any based upon:

(a)    lack of jurisdiction over the subject matter;

(b)    lack of jurisdiction over the person or entity;

(c)    improper venue;

(d)    insufficiency of process;

(e)    insufficiency of service of process;

(f)    failure to state a claim upon which relief can be granted; or

(g)    failure to join a party under O.C.G.A § 9-11-19.

### Interrogatory No. 25

Identify the individuals and entities that were responsible for the inspection, maintenance, set up, repairs, painting, cleaning, alteration, supervision, or otherwise worked on the drains, sinks, toilets, bathtubs, pipes or any of the plumbing at the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093.  Please include the person or persons name, address and telephone number, as well as the  name, address and telephone number of any subcontractor entity which may have been hired by this Defendant to perform inspection, maintenance, repair, painting, cleaning or alteration on the drains, sinks, toilets, bathtubs, pipes or any of the plumbing at the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093  at said apartment complex from January 1, 2007 to the present.

### Interrogatory No. 26

Specifically state the procedures and how often said procedures are performed to inspect, maintain, set up, repair, install, clean, alter, supervise, or otherwise work on the drains, sinks, toilets, bathtubs, pipes or any of the plumbing at the Silverleaf Atlanta Apartments, LLLP

located on Treehouse Parkway, Norcross, Georgia 30093 at said apartment complex from January 1, 2007 to the present. Please include both the person or persons name or name of the entity, address and telephone number. Also list the address and telephone number of any subcontractor entity which may have been hired by this Defendant to inspect, maintain, set up, repair, install, clean, alter, supervise or otherwise work on any aspect of the plumbing at the Silverleaf Atlanta Apartments.

Interrogatory No. 27

Specifically state who inspected during the calendar years 2006 and 2007, any and all drains, sinks, toilets, bathtubs, pipes or any of the plumbing at the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093, and when said inspections occurred. Please include both the person or persons name, address and telephone number, as well as the name, address and telephone number of any subcontractor entity which may have been hired by this Defendant.

Interrogatory No. 28

Specifically state who maintained during the calendar years 2006 and 2007, any and all drains, sinks, toilets, bathtubs, pipes or any of the plumbing at the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093, and when said maintenance occurred. Please include both the person or person's name, address and telephone number. Please also list the name, address and telephone number of any subcontractor entity which may have been hired by this Defendant.

Interrogatory No. 29

Specifically state who repaired during the calendar years 2006 and 2007 any and all drains, sinks, toilets, bathtubs, pipes or any of the plumbing at the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093 and when said repairs occurred.  Please include the person or persons  name, address and telephone number. Also list the  name, address and telephone number of any subcontractor entity which may have been hired by this Defendant.

Interrogatory No. 30

Specifically state who installed during the calendar years 2006 and 2007, any and all  drains, sinks, toilets, bathtubs, pipes or any of the plumbing anywhere on the premises of the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093, and when said installations occurred.  Please include the individual's  name, address and telephone number.  Also include the  name, address and telephone number of any subcontractor entity which may have been hired by this Defendant.

Interrogatory No. 31

State the names of the individuals and entities, along with their addresses and telephone numbers, who originally designed and constructed any and all drains, sinks, toilets, bathtubs, pipes or any of the plumbing located on the premises of the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093.  Please also give the dates of construction.

Interrogatory No. 32

Specifically state the names, addresses and telephone numbers of all maintenance

personnel working anywhere on the premises of the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093, during the calendar years of 2006 and 2007.

### Interrogatory No. 33

Specifically state the names, addresses and telephone numbers of all subcontractor entities working on the premises of the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093, during the calendar year of 2006 and 2007.

### Interrogatory No. 34

Please describe the procedures for processing tenant requests for service or repairs to their apartments.

### Interrogatory No. 35

Within the past five years, have any personal injury claims or lawsuits arising from slip, fall, or other incidents of injury suffered or alleged to be suffered anywhere on the premises of the Silverleaf Atlanta Apartments, LLLP located on Treehouse Parkway, Norcross, Georgia 30093 been made against this Defendant? Please identify by date of injury, name of claimant(s), date of incident report, identity of person writing incident report, and if applicable, the name and address of the court, style of the case and civil action number of any and all personal injury claims or lawsuits.

### Interrogatory No. 36

Does this Defendant contend any person or entity other than this Defendant is, or may be, liable in whole or part for the claims asserted against this Defendant in this lawsuit? If

so, state the full name and address of each such person or entity, the legal basis for this Defendant's contention, the facts or evidence upon which this Defendant's contention is based, and whether this Defendant has notified each such person or entity of the contention.

### Interrogatory No. 37

Please state the name, business and residence address, and telephone number of the person or entity who was the owner of the subject premises as of the date of the incident which is alleged in Plaintiff's Complaint or file herein.

### Interrogatory No. 38

If the owner identified in your answer to the foregoing interrogatory was not also the regular operator or occupant of the premises, please further identify:

(a)     the regular occupant or operator of the premises; and

(b)     the nature or title of the instrument under which the regular operator or occupant of the premises derived his or her possessory rights (whether by lease, license, etc.).

### Interrogatory No. 39

State specifically any and all medical conditions of the Plaintiff that this Defendant contends in any way affects the claims that the Plaintiff has made in this action. For each such condition, identify, as defined above, any documents, photographs, statements, reports or other similar items which contain information regarding the condition, and any person who has information regarding such condition.

### Interrogatory No. 40

State whether this Defendant, attorney for this Defendant or insurer for this

Defendant retained any person, or firm to conduct surveillance of any type or manner upon the Plaintiff, and if so, whether you intend to call this person or anyone working for this firm or anyone who has conducted the surveillance as a witness, indicating:

      (a)    the name address and telephone number of each person or firm so retained;

      (b)    the exact location or locations where the Plaintiff was subjected to surveillance; and

      (c)    whether any written reports were given by such person or firm to the employer, and if so, the location of each of these reports at the time of the answering of these interrogatories.

### Interrogatory No. 41

Has this Defendant ever been party to a lawsuit or a civil filing of any kind? If so, for each such lawsuit or civil filing, please provide its style, identify the court in which it was filed, and describe the nature of the lawsuit or civil filing, including, but not limited to any civil lawsuit or bankruptcy action in state or federal courts.

### Interrogatory No. 42

Are there any documents within the scope of the following requests for production of documents which are not being produced, either because the document allegedly is privileged, has been destroyed, or otherwise is not being produced? If so, for each such document or tangible thing:

      (a)    describe the document (e.g., state whether it is a letter, memo, telephone message, note, or other document);

(b) identify by name, employer, address, and telephone number the author of the document and the person having custody of the document;

(c) state the date on which the document was created and identify all persons to whom copies of the document were transmitted;

(d) summarize the subject matter of the document in sufficient detail to permit the court to decide whether the document should be produced if a motion to compel production is filed; and

(e) state the basis for your failure to produce the document, including, without limitation, the basis for any assertion that the document is privileged.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff requests the production of the following documents and tangible things:

### REQUESTS

1.

Please produce a list of all employees who were working for this Defendant on the date and time which forms the subject matter of this litigation. Include name, address, and telephone number for each such employee.

2.

Please produce copies of all policies of insurance or indemnity under which you were or may be afforded insurance OR indemnification coverage for the losses and damages claimed in this action including any and all policies of insurance or indemnity providing coverage for business conducted by you on the premises of the Silverleaf Atlanta Apartments,

LLLP located on Treehouse Parkway, Norcross, Georgia 30093.

3.

Please produce any statement or report, whether written, recorded or otherwise preserved, made by any person who was either an eyewitness to any aspect of this subject matter of this case or who has knowledge of any of the facts or circumstances relating to subject matter of this case.

4.

Please produce any statement or report, whether written, recorded or otherwise preserved, prepared by any person or entity who, to this Defendant's knowledge, has investigated or evaluated any physical object, site or factual circumstance involved in the instant litigation.

5.

Please produce any statement or report, whether written, recorded or otherwise preserved from any expert, consultant, party or witness relating to the allegations of negligence, causation or damages or any defense to such allegations.

6.

Please produce all diagrams, maps, models, plats, drawings or other graphic representations of any kind whatsoever prepared by this Defendant or on this Defendant's behalf as a result of the incident which is the subject of this litigation.

7.

Please produce all photographs, videotapes, photographic reproductions or other visual representations of any kind whatsoever of any person, place or thing involved in or

related to the subject incident.

8.

Please produce all documents, photographs, statements, reports, bills or other similar items which contain information regarding any and all medical conditions of the Plaintiff that this Defendant contends in any way effects the claims that the Plaintiff has made in this action.

9.

Copies of any and all statements previously made by the Plaintiff concerning the subject matter of this lawsuit, including any written statement given, and any recording made by any means.

10.

Copies of any and all statements previously made by this Defendant concerning the subject matter of this lawsuit, including any written statement given, and any recording made by any means.

11.

Copies of any and all statements previously made by any other party concerning the subject matter of this lawsuit, including any written statement given, and any recording made by any means.

12.

Copies of any and all statements previously made by any witness concerning the subject matter of this lawsuit, including any written statement given, and any recording made by any means.

13.

Any statement or report, whether written, recorded or otherwise preserved, made by any person who was either an eyewitness to any aspect of the subject matter of this case or who has knowledge of any of the facts or circumstances relating to subject matter of this case. This request includes any statement made by the Plaintiff, any and all Defendants and any witnesses.

14.

Any statement or report, whether written, recorded or otherwise preserved, prepared by any person or entity who, to your knowledge has investigated or evaluated any physical object, site or factual circumstance involved in the instant litigation.

15.

Any statement or report, whether written, recorded or otherwise preserved, from any expert, consultant, party or witness relating to the allegations of negligence, causation or damages or any defense to such allegations.

16.

A copy of any statement filed with any insurance carrier to advise them of the subject incident.

17.

The current curriculum vitae of all experts this Defendant intends or expects to call at the trial of this case.

18.

All checklists, reports, work orders or any other documents regarding the

maintenance, painting and repair of any and all drains, sinks, toilets, bathtubs, dishwashers,

pipes or any of the plumbing at the Silverleaf Atlanta Apartments, LLLP, including, but not

limited to any of the plumbing of the unit located at 3204 Treehouse Parkway, Norcross,

Georgia 30093.                                                   19.

All diagrams, maps, models, plats, drawings, blueprints or other graphic

representations regarding the construction of any and all drains, sinks, toilets, bathtubs, pipes or

any of the plumbing located anywhere on the premises of the Silverleaf Atlanta Apartments,

LLLP.

20.

Please produce all diagrams, maps, models, plats, drawings, blueprints or other

graphic representations of any kind prepared by this Defendant on this Defendant's behalf

regarding the construction of any and all drains, sinks, toilets, bathtubs, pipes or any of the

plumbing located anywhere on the premises of the Silverleaf Atlanta Apartments, LLLP.

21.

Please produce all contracts and work orders entered into regarding the

inspection, maintenance, repair, installation and/or cleaning of any of the plumbing located on

the premises of the Silverleaf Atlanta Apartments, LLLP, included but not limited to those

contracts between this Defendant and any other subcontractors contracted for the inspection,

maintenance, repair, painting and/or cleaning of the resort during the calendar years 2006 and

2007.

22.

Produce all documents relating to the claims and lawsuits described in you

answer to Interrogatory number 40.

23.

All incident or accident reports prepared by any person or entity pertaining to the subject incident.

24.

All correspondence mentioning or relating to the subject incident.

25.

Copies of all documents, correspondence and reports sent to or received from any federal, state or local regulatory agency pertaining to this subject incident.

26.

All documents supporting any claim that the subject incident was the fault of any other person or entity other than this Defendant.

27.

Please produce copies of all incident reports prepared by this Defendant after someone suffered injuries of any kind or fell on the premises of the Silverleaf Atlanta Apartments, LLLP.

28.

Please produce copies of any OSHA citations issued to this Defendant because a person or persons was injured in anyway on the premises of the Silverleaf Atlanta Apartments, LLLP.

29.

Please produce a copy of all letters sent to this Defendant by anyone to complain

of suffering injuries on the premises of the Silverleaf Atlanta Apartments, LLLP.

30.

Please produce a copy of all depositions taken of any employee, agent or subcontractor, manager or officer of this Defendant in any lawsuit against this Defendant in which it was alleged that an injury occurred on the premises of the Silverleaf Atlanta Apartments, LLLP. NOTE: "Deposition" means the transcript, any available miniscript and all exhibits to that deposition.

31.

Please produce a copy of every letter sent in the past ten years by Ventron Management Company, LLC or US Claims Administration, Inc. on behalf of this Defendant to any person, or that person's attorney, injured or nearly injured as a result of a fall on the premises of the Silverleaf Atlanta Apartments, LLLP.

32.

All insurance agreements, insurance policies, bonds, or reinsurance agreements arguably providing coverage in connection with this case, including, without limitation, all declaration pages, amendments, endorsements, and changes.

33.

Copies of all policies of insurance or indemnity under which this Defendant was or may be afforded insurance OR indemnification coverage for the losses and damages claimed in this action including any and all policies of insurance or indemnity providing coverage for this Defendant.

34.

All documents, photographs, statements, reports, bills or other similar items which contain information regarding any and all medical conditions of the Plaintiff that this Defendant contends in any way effects the claims that the Plaintiff has made in this action.

35.

All documents identified in response in the attached Interrogatories directed to this Defendant.

This 8 day of JUNE, 2009.

_____
NEIL J. KOPITSKY
Counsel for Plaintiff
Georgia State Bar No.: 428130

**STOKES & KOPITSKY, P.A.**
100 Colony Square, Suite 820
Atlanta, Georgia 30361
(404) 892-0011

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

JERRY TAYLOR,                )
                               )

       **Plaintiff**         )
                               )

  **vs.**                     )  **CIVIL ACTION**
                               )  **FILE NO.:**_____

**SILVERLEAF ATLANTA APARTMENTS**  )
**LLLP and VENTRON MANAGEMENT, LLC,** )
                               )

       **Defendants.**     )

## PLAINTIFF JERRY TAYLOR'S FIRST REQUESTS FOR ADMISSIONS AND ACCOMPANYING INTERROGATORIES TO THE DEFENDANT VENTRON MANAGEMENT, LLC.

TO:         VENTRON MANAGEMENT, LLC.
            c/o William J. Wright, Registered Agent
            4170 Ashford Dunwoody Road, Suite 285
            Atlanta, Georgia 30319

Plaintiff requests that this Defendant make the following admissions for the purpose of this action only pursuant to Section 36 of The Georgia Civil Practice Act (O.C.G.A. § 9-11-36):

1.

That the State Court of Dekalb County has jurisdiction over the Defendant Ventron Management, LLC.

2.

That the State Court of DeKalb County is the court of proper venue in this action.

3.

That the Defendant has received process in this action, and that such service and

process is sufficient.

4.

That the State Court of DeKalb County has jurisdiction over the subject matter of this claim.

5.

That the Plaintiff states a claim upon which relief can be granted.

6.

That the Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

7.

The Defendant Ventron Management, LLC has been personally served with a copy of the complaint and summons in this action.

8.

The Defendant Ventron Management, LLC agrees and herein permits the Plaintiff to videotape all medical depositions.

INTERROGATORIES

Interrogatory No. 1

For each admission denied state all facts, persons and documents upon which this Defendant relies in denying the admission.

Interrogatory No. 2

For each admission answered by stating that this Defendant lacks information or knowledge, state what inquiry was made by the defendant and all the facts, persons and documents upon which this Defendant relied in answering the admission.

Pursuant to U.S.C.R. 5.2 (2), this is to certify that the foregoing pleading was delivered for service with the summons upon all Defendants.

This the ___ day of June, 2009.

_____
NEIL J. KOPITSKY
Counsel for Plaintiff
Georgia State Bar No.: 428130

**STOKES & KOPITSKY, P.A.**
100 Colony Square
Suite 820
Atlanta, Georgia  30361
(404) 892-0011

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JERRY TAYLOR, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CIVIL ACTION FILE NO. |
| vs. | ) | 09A08646-7 |
| | ) | |
| SILVERLEAF ATLANTA | ) | |
| APARTMENTS, LLLP and VENTRON | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER AND DEFENSES OF VENTRON MANAGEMENT, LLC TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, VENTRON MANAGEMENT, LLC in the above-styled action, and files this its Answer and Defenses of Ventron Management, LLC to Plaintiff's Complaint for Damages ("Complaint"):

### FIRST DEFENSE

Jurisdiction and venue may be improper.

### SECOND DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant asserts the affirmative defenses of contributory/comparative negligence, assumption of risk, and Plaintiff's failure to exercise ordinary care for her own safety.

### THIRD DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant asserts that the matter in question and Plaintiff's alleged damages, if any, were directly and proximately caused by acts and/or failures to act of persons or entities other than this Defendant.

## FOURTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant shows that Plaintiff's alleged damages, if any, were directly and proximately caused by the acts or omissions of Plaintiff which constituted contributory and comparative negligence and failure to exercise ordinary care.

## FIFTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant avers that Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any act or failure to act of Defendant; however, Defendant denies that any act or failure to act on its part caused or contributed to, in any what whatsoever, the damages complained of in Plaintiff's Complaint for Damages.

## SIXTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant avers that they are not liable to Plaintiff, because Plaintiff's own negligence equaled or exceeded that of Defendant, if any.  However, Defendant denies it produced, brought about, caused or contributed to, in any way whatsoever, the damages complained of in Plaintiff's Complaint for Damages.

## SEVENTH DEFENSE

Plaintiff failed to mitigate his damages.

## EIGHTH DEFENSE

To the extent as may be shown by the evidence through discovery, Plaintiff's alleged injuries and damages, if any, were not foreseeable to Defendant.

## NINTH DEFENSE

Defendant did not breach a duty of care to Plaintiff and was not on notice of any alleged dangerous condition.

## TENTH DEFENSE

Plaintiff had equal or superior knowledge of any alleged dangerous condition.

## ELEVENTH DEFENSE

Dangers, if any, alleged in the Complaint for Damages were patent, open and obvious.

## TWELFTH DEFENSE

Defendant asserts each affirmative defense to the extent applicable as set out in O.C.G.A. § 9-11-8.

## THIRTEENTH DEFENSE

Defendant specifically reserves the right to raise any additional claims or affirmative defenses which may be shown through the evidence.  Defenses asserted herein are based upon the initial theories of defense counsel.  Defendant further specifically reserves the right to withdraw or add any defenses to conform to the evidence presented at the time of trial.

## FOURTEENTH DEFENSE

Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 1 of Plaintiff's Complaint and thus, Defendant neither admits nor denies same.

2.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 2 of Plaintiff's Complaint and thus, Defendant neither admits nor denies same.

3.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 3 of Plaintiff's Complaint and thus, Defendant neither admits nor denies same.

4.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 4 of Plaintiff's Complaint and thus, Defendant neither admits nor denies same.

5.

Defendant admits the allegations of Paragraph 5 of Plaintiff's Complaint.

6.

Defendant admits the allegations of Paragraph 6 of Plaintiff's Complaint.

7.

Defendant denies the allegations of Paragraph 7 of Plaintiff's Complaint.

8.

Defendant admits the allegations of Paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations of Paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the allegations of Paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the allegations of Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations of Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations of Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations of Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations of Paragraph 15, including all subparts, of Plaintiff's Complaint.

16.

There is no Paragraph 16 in Plaintiff's Complaint.

17.

There is no Paragraph 17 in Plaintiff's Complaint.

18.

There is no Paragraph 18 in Plaintiff's Complaint.

19.

There is no Paragraph 19 in Plaintiff's Complaint.

20.

Defendant denies the allegations of Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations of Paragraph 21, including all subparts, of Plaintiff's Complaint.

22.

Defendant denies the allegations following the word "Wherefore," in Plaintiff's Complaint.  As a further response, Defendant denies that Plaintiff is entitled to any relief from this Defendant whatsoever.

23.

All remaining allegations contained in Plaintiff's Complaint for Damages not specifically admitted or denied are hereby DENIED.

WHEREFORE, having fully answered, Defendant prays that it be discharged without cost.

This 15th day of July, 2009.

CRUSER & MITCHELL, LLP

Christine H. Hall
Georgia Bar No. 318385
Kathleen M. Hurley
Georgia Bar No. 379659
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
(404) 881-2622 – Telephone
(404) 881-2630 – Facsimile

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JERRY TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| vs. | ) | 09A08646-7 |
| | ) | |
| SILVERLEAF ATLANTA | ) | |
| APARTMENTS, LLLP and VENTRON | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing ANSWER AND DEFENSES OF VENTRON MANAGEMENT, LLC TO PLAINTIFF'S COMPLAINT FOR DAMAGES upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

> Neil J. Kopitsky
> STOKES & KOPITSKY, P.A.
> 100 Colony Square
> Suite 820
> Atlanta, GA 30361-6203

This 15th day of July, 2009.

CRUSER & MITCHELL, LLP

Christine H. Hall
Georgia Bar No. 318385
Kathleen M. Hurley
Georgia Bar No. 379659
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
(404) 881-2622 – Telephone
(404) 881-2630 – Facsimile

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **JERRY TAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **vs.** | ) | **09A08646-7** |
| | ) | |
| **SILVERLEAF ATLANTA** | ) | |
| **APARTMENTS, LLLP and VENTRON** | ) | |
| **MANAGEMENT, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ANSWER AND DEFENSES OF SILVERLEAF ATLANTA APARTMENTS, LLLP TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, SILVERLEAF ATLANTA APARTMENTS, LLLP in the above-styled

action, and files this its Answer and Defenses of Silverleaf Atlanta Apartments, LLLP to

Plaintiff's Complaint for Damages ("Complaint"):

### FIRST DEFENSE

Jurisdiction and venue may be improper.

### SECOND DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant asserts the

affirmative defenses of contributory/comparative negligence, assumption of risk, and Plaintiff's

failure to exercise ordinary care for her own safety.

### THIRD DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant asserts that

the matter in question and Plaintiff's alleged damages, if any, were directly and proximately

caused by acts and/or failures to act of persons or entities other than this Defendant.

## FOURTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant shows that Plaintiff's alleged damages, if any, were directly and proximately caused by the acts or omissions of Plaintiff which constituted contributory and comparative negligence and failure to exercise ordinary care.

## FIFTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant avers that Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any act or failure to act of Defendant; however, Defendant denies that any act or failure to act on its part caused or contributed to, in any what whatsoever, the damages complained of in Plaintiff's Complaint for Damages.

## SIXTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant avers that they are not liable to Plaintiff, because Plaintiff's own negligence equaled or exceeded that of Defendant, if any.  However, Defendant denies it produced, brought about, caused or contributed to, in any way whatsoever, the damages complained of in Plaintiff's Complaint for Damages.

## SEVENTH DEFENSE

Plaintiff failed to mitigate his damages.

## EIGHTH DEFENSE

To the extent as may be shown by the evidence through discovery, Plaintiff's alleged injuries and damages, if any, were not foreseeable to Defendant.

## NINTH DEFENSE

Defendant did not breach a duty of care to Plaintiff and was not on notice of any alleged dangerous condition.

## TENTH DEFENSE

Plaintiff had equal or superior knowledge of any alleged dangerous condition.

## ELEVENTH DEFENSE

Dangers, if any, alleged in the Complaint for Damages were patent, open and obvious.

## TWELFTH DEFENSE

Defendant asserts each affirmative defense to the extent applicable as set out in O.C.G.A. § 9-11-8.

## THIRTEENTH DEFENSE

Defendant specifically reserves the right to raise any additional claims or affirmative defenses which may be shown through the evidence. Defenses asserted herein are based upon the initial theories of defense counsel. Defendant further specifically reserves the right to withdraw or add any defenses to conform to the evidence presented at the time of trial.

## FOURTEENTH DEFENSE

Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 1 of Plaintiff's Complaint and thus, Defendant neither admits nor denies same.

2.

Defendant admits the allegations of Paragraph 2 of Plaintiff's Complaint.

3.

Defendant denies the allegations of Paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits the allegations of Paragraph 4 of Plaintiff's Complaint.

5.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 5 of Plaintiff's Complaint and thus, Defendant neither admits nor denies same.

6.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 6 of Plaintiff's Complaint and thus, Defendant neither admits nor denies same.

7.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 7 of Plaintiff's Complaint and thus, Defendant neither admits nor denies same.

8.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 8 of Plaintiff's Complaint and thus, Defendant neither admits nor denies same.

9.

Defendant denies the allegations of Paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the allegations of Paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the allegations of Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations of Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations of Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations of Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations of Paragraph 15, including all subparts, of Plaintiff's

Complaint.

16.

There is no Paragraph 16 in Plaintiff's Complaint.

17.

There is no Paragraph 17 in Plaintiff's Complaint.

18.

There is no Paragraph 18 in Plaintiff's Complaint.

19.

There is no Paragraph 19 in Plaintiff's Complaint.

20.

Defendant denies the allegations of Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations of Paragraph 21, including all subparts, of Plaintiff's

Complaint.

22.

Defendant denies the allegations following the word "Wherefore," in Plaintiff's

Complaint.  As a further response, Defendant denies that Plaintiff is entitled to any relief from

this Defendant whatsoever.

23.

All remaining allegations contained in Plaintiff's Complaint for Damages not specifically

admitted or denied are hereby DENIED.

WHEREFORE, having fully answered, Defendant prays that it be discharged without

cost.

This 15th day of July, 2009.

CRUSER & MITCHELL, LLP

Christine H. Hall
Georgia Bar No. 318385
Kathleen M. Hurley
Georgia Bar No. 379659
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
(404) 881-2622 – Telephone
(404) 881-2630 – Facsimile

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

JERRY TAYLOR,            )
                            )
      Plaintiff,        )
                            )     **CIVIL ACTION FILE NO.**
vs.                      )     **09A08646-7**
                            )
SILVERLEAF ATLANTA      )
APARTMENTS, LLLP and VENTRON  )
MANAGEMENT, LLC,        )
                            )
      Defendants.     )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing

ANSWER AND DEFENSES OF SILVERLEAF ATLANTA APARTMENTS, LLLP TO

PLAINTIFF'S COMPLAINT FOR DAMAGES upon all parties to this matter by depositing a

true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as

follows:

Neil J. Kopitsky
STOKES & KOPITSKY, P.A.
100 Colony Square
Suite 820
Atlanta, GA  30361-6203

This 15th day of July, 2009.

CRUSER & MITCHELL, LLP

Meridian II, Suite 2000           Christine H. Hall
275 Scientific Drive              Georgia Bar No. 318385
Norcross, GA 30092              Kathleen M. Hurley
(404) 881-2622 – Telephone     Georgia Bar No. 379659
(404) 881-2630 – Facsimile      *Attorneys for Defendants*

{Firm\827\012\00339464.DOC}

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

JERRY TAYLOR,              )
                                 )
      Plaintiff,          )
                                 )    **CIVIL ACTION FILE NO.**
vs.                      )        **09A08646-7**
                                 )
SILVERLEAF ATLANTA     )
APARTMENTS, LLLP and VENTRON  )
MANAGEMENT, LLC,        )
                                 )
      Defendants.      )

### DEFENDANTS' DEMAND FOR 12-PERSON JURY

COME NOW SILVERLEAF ATLANTA APARTMENTS, LLLP AND

VENTRON MANAGEMENT, LLC, Defendants in the above-styled Civil Action, and

herein file their demand for a 12-person jury in this case pursuant to O.C.G.A. §15-12-

122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater than $25,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12.  If such a demand is made, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

> *See also* O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

> WHEREFORE, demand is made for trial of this case by a jury of 12 as provided

by law.

Respectfully submitted this 15 day of July, 2009.

CRUSER & MITCHELL, LLP

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
(404) 881-2622 – Telephone
(404) 881-2630 – Facsimile

Christine H. Hall
Georgia Bar No. 318385
Kathleen M. Hurley
Georgia Bar No. 379659
*Attorneys for Defendants*

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JERRY TAYLOR, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| vs. | ) | **09A08646-7** |
| | ) | |
| SILVERLEAF ATLANTA | ) | |
| APARTMENTS, LLLP and VENTRON | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and

foregoing DEFENDANTS' DEMAND FOR 12-PERSON JURY upon all parties to this

matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid,

addressed to counsel of record as follows:

Neil J. Kopitsky
STOKES & KOPITSKY, P.A.
100 Colony Square
Suite 820
Atlanta, GA 30361-6203

This ____ day of July, 2009.

CRUSER & MITCHELL, LLP

Christine H. Hall
Georgia Bar No. 318385
Kathleen M. Hurley
Georgia Bar No. 379659
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
(404) 881-2622 – Telephone
(404) 881-2630 – Facsimile

{Firm\827\012\00339466.DOC}

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

JERRY TAYLOR,                          )
                                       )
      **Plaintiff,**                  )
                                       )      CIVIL ACTION FILE NO.
vs.                                    )           09A08646-7
                                       )
SILVERLEAF ATLANTA                     )
APARTMENTS, LLLP and VENTRON           )
MANAGEMENT, LLC,                       )
                                       )
      **Defendants.**                 )

## DEFENDANTS SILVERLEAF ATLANTA APARTMENTS, LLLP AND VENTRON MANAGEMENT, LLC'S NOTICE OF FILING NOTICE OF REMOVAL

TO:    Jerry Taylor
        c/o Neil J. Kopitsky, Esq
        STOKES & KOPITSKY, P.A.
        100 Colony Square
        Suite 820
        Atlanta, GA  30361-6203

Pursuant to 28 U.S.C. §1446(d), you are hereby notified that defendants have filed a Notice of Removal of the above-styled action to the United States District Court for the Northern District of Georgia, Atlanta Division, a copy of which is attached hereto and by reference made a part hereof.

Respectfully submitted, this ___ day of July,  2009.

CRUSER & MITCHELL, LLP

Meridian II, Suite 2000                Christine H. Hall
275 Scientific Drive                   Georgia Bar No. 318385
Norcross, GA 30092                     Kathleen M. Hurley
(404) 881-2622 – Telephone             Georgia Bar No. 379659
(404) 881-2630 – Facsimile             *Attorneys for Defendants*

{Firm\827\012\00339523.DOC}

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

JERRY TAYLOR,                          )
                                       )
    Plaintiff,                      )
                                       )       CIVIL ACTION FILE NO.
vs.                                    )           09A08646-7
                                       )
SILVERLEAF ATLANTA                     )
APARTMENTS, LLLP and VENTRON           )
MANAGEMENT, LLC,                       )
                                       )
    Defendants.                     )

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I have this day served a copy of the within and

foregoing DEFENDANTS SILVERLEAF ATLANTA APARTMENTS, LLLP AND

VENTRON MANAGEMENT, LLC'S NOTICE OF FILING NOTICE OF REMOVAL

upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper

postage prepaid, addressed to counsel of record as follows:

            Neil J. Kopitsky
       STOKES & KOPITSKY, P.A.
         100 Colony Square
            Suite 820
       Atlanta, GA  30361-6203

    This 15 day of July, 2009.

                       CRUSER & MITCHELL, LLP

                       Christine H. Hall

Meridian II, Suite 2000              Georgia Bar No. 318385
275 Scientific Drive                 Kathleen M. Hurley
Norcross, GA 30092                   Georgia Bar No. 379659
(404) 881-2622 – Telephone           *Attorneys for Defendants*
(404) 881-2630 – Facsimile

{Firm\827\012\00339523.DOC}